Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000313
17-OCT-2017
08:03 AM

NO. CAAP-16-0000313

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOSHUA JUAN WILHELM, also known as JOSHUA J. WILHELM,
Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 12-1-1234)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Joshua Juan Wilhelm, also known as
Joshua J. Wilhelm (Wilhelm) appeals from the Family Court of the
First Circuit's (Family Court)[1] "Order Granting Execution of
Sentencing," "Order Denying [Wilhelm's] Oral Motion for Second
Stay of Execution of Sentencing Pending Appeal," and "Order
Denying [Wilhelm's] Motion for Reduction of Sentence" all entered
on March 4, 2016.  This is Wilhelm's second appeal from the
underlying case.

On February 8, 2013, Wilhelm was convicted of Abuse of
Household or Family Member under Hawai'i Revised Statutes (HRS)
§ 709-906 (Supp. 2012).[2]  He was sentenced to probation for a

---

[1]     The Honorable Jeffrey P. Crabtree presided.

[2]     HRS § 709-906 provides in relevant part:

**Abuse of family or household members; penalty.**  (1) It shall
be unlawful for any person, singly or in concert, to
physically abuse a family or household member or to refuse
compliance with the lawful order of a police officer under
subsection (4). The police, in investigating any complaint
(continued...)

term of two years and required to pay various fees. He was also sentenced to thirty days imprisonment under HRS § 709-906(5)(b) (Supp. 2012), which requires a minimum of thirty days imprisonment for repeat offenders.[3] In CAAP-13-0000145, Wilhelm's direct appeal, this court affirmed his conviction and sentence on June 26, 2015. On October 20, 2015, the Hawai'i Supreme Court rejected Wilhelm's application for writ of certiorari. In that first appeal, one of Wilhelm's arguments was that the sentencing scheme under HRS § 709-906(5)(b) was unconstitutional, but he did not challenge it on Equal Protection grounds. In this appeal, Wilhelm contends that, in its orders subsequent to the first appeal, the Family Court erred in rejecting his argument that his right to Equal Protection under the United States Constitution was violated where he was not allowed, unlike those who are convicted under other mandatory minimum provisions, to seek a reduction of the mandatory thirty-day jail sentence upon showing strong mitigating factors.

---

[2](...continued)
> of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter.

> For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

[3]     HRS § 709-906(5) provides:

> (5) Abuse of a family or household member and refusal to comply with the lawful order of a police officer under subsection (4) are misdemeanors and the person shall be sentenced as follows:

>> (a)     For the first offense the person shall serve a minimum jail sentence of forty-eight hours; and

>> (b)     For a second offense that occurs within one year of the first conviction, the person shall be termed a "repeat offender" and serve a minimum jail sentence of thirty days.

> Upon conviction and sentencing of the defendant, the court shall order that the defendant immediately be incarcerated to serve the mandatory minimum sentence imposed; provided that the defendant may be admitted to bail pending appeal pursuant to chapter 804. The court may stay the imposition of the sentence if special circumstances exist.

(Emphasis added.)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues and arguments raised by the parties, we resolve Wilhelm's point as follows and dismiss this appeal as moot.

"Courts may not decide moot questions or abstract propositions of law." Queen Emma Found. v. Tatibouet, 123 Hawai'i 500, 506, 236 P.3d 1236, 1242 (App. 2010) (citation and internal quotation marks omitted). Mootness is an issue of subject matter jurisdiction, which is reviewed de novo. Id. (citation omitted). Consequently, if an appellant appeals his or her sentence of imprisonment, but the sentence has already been served, the appeal is generally considered moot. State v. Kiese, 126 Hawai'i 494, 508, 273 P.3d 1180, 1194 (2012) ("Appellate courts generally do not decide moot questions.") (citation omitted). See, e.g., Jardine v. State, 123 Hawai'i 313, 234 P.3d 695, No. 29907 2010 WL 2842739 at *1 (App. Jul. 21, 2010) (SDO) (appeal challenging denial of final probation revocation hearing was moot where the defendant already served the maximum term of imprisonment). Moreover, given the record and that Wilhelm's conviction was affirmed in his first appeal, the exceptions to the mootness doctrine do not apply. See State v. Tierney, 127 Hawai'i 157, 172-73, 277 P.3d 251, 266-67 (2012); Kiese, 126 Hawai'i at 508-09, 273 P.3d at 1194-95.

Here, Wilhelm completed his mandatory jail term on June 12, 2016 and he does not challenge any other aspect of his sentence, his appeal from that aspect of his sentence is moot.

Therefore, Wilhelm's appeal is dismissed as moot.

DATED: Honolulu, Hawai'i, October 17, 2017.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney.
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge